AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 6 – _____ 5 1 _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A
## UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF _____ / _____ COPIES OF AO FORM 85.

_____ 1/26/05 _____
(Date forms issued)

_____ Michele M. Lank _____
(Signature of Party or their Representative)

_____ MicHELE M. LANK. _____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JAMES G. GILLILAND,** | ) **Case No.:** |
| | ) |
| Plaintiff, | ) **Trial By Jury Demanded** |
| | ) |
| vs. | ) |
| | ) |
| **PROVIDENCE CREEK SERVICES, LLC.,** a | ) |
| | ) |
| Delaware corporation | ) |
| | ) |
| Defendants, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

-----------------------------------------------

## <u>COMPLAINT</u>

## <u>THE PARTIES</u>

1. The Plaintiff James G. Gilliland (hereinafter referred to as "Gilliland"), is a resident of the State of Delaware, residing in New Castle County.

2. The Defendant Providence Creek Services, LLC (hereinafter referred to as "PCS"), is a Delaware LLC organized under the corporate laws of the State of Delaware.

3. The Defendant Providence Creek Services, LLC was prior to dismissal of the Plaintiff the employer of the Plaintiff Gilliland.

4. The Defendant Providence Creek services, LLC has continuously been engaged in an industry effecting commerce within the meaning of ADA §101(5), 42 <u>U.S.C.</u>§12111(5), and ADA §107(a), 42 <u>U.S.C.</u> §11217(a), which incorporates by reference §701 (g)-(h) of Title VII, 42 U.S.C. §§2000e(g)(h).

5. At all times, the Defendant Providence Creek Services, LLC. has been a covered entity under the ADA §101(2), 42 U.S.C. §12111(2).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the "Americans With Disabilities Act" claims, pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343. This Court has jurisdiction over ancillary matters pursuant to 28 U.S.C. §1367.

7. This action is authorized and instituted pursuant to §107 of the "Americans With Disabilities Act" of 1990 ("ADA")(42 U.S.C. §12101 et. seq. which incorporates by reference §706(f)(1) & (3) OF THE Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C. §§2000e-5(f)(1)(3). Pursuant to §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a) and The Age Discrimination in Employment Act (ADEA) 29 U.S.C. §621 et. seq..

8. Venue for all causes of action stated herein lies the District of Delaware, under 28 U.S.C. §1331, and the acts alleged as the basis for these actions took place within the boundaries of this district.

## PREREQUISITES

9. The Plaintiff James G. Gilliland has met the prerequisites for filing suit under ADA and ADEA. On September 13, 2004, James G. Gilliland filed a charge("the charge") simultaneously with the Delaware Department of Labor and the Equal Opportunity Commission, alleging that he had been discriminated against in violation of Title I of the ADA. (A copy of that charge is attached hereto as Exhibit "A").

10. On November 3, 2005, the United States Equal Employment Opportunity Commission ("EEOC") issued to Gilliland a "Notice of Right to Sue" permitting Gilliland to bring this action against the Defendant Providence Creek Services, LLC. in the United States District Court for the District of Delaware which Notice was received by Gilliland on or about November 8, 2005("Notice of Right to Sue") and is attached hereto as Exhibit "B".

11. The Plaintiff has filed suit in this matter within ninety (90) days of receipt of his Notice of Right to Sue having received such notice on or about November 8, 2005.

### FACTUAL ALLEGATIONS

12. The Plaintiff Gilliland served without compensation, save reimbursement for out of pocket expenses, as Executive Director of Saint Joseph's at Providence Creek and under it's predecessor titles from 1997 until January 2003 at which time he became an employee of Defendant, Providence Creek Services, LLC., with the express purpose of continuing to serve primarily as Executive Director of Saint Joseph's at Providence Creek.

13. In April, 2004, the Plaintiff as a result of work related conditions known to the Defendant, sought and received medical treatment and was diagnosed with Severe Panic Disorder and Chronic Acrophobia, and began long term therapy.

14. On June 22, 2004 the Plaintiff formally requested from the Defendant a reasonable accommodation (Attachment C).

15. On June 29, 2004, the Defendant offered and the Plaintiff accepted a reasonable accommodation, transferring the Plaintiff to the position of Director of Programs and Development (Attachment D).  The Defendant formed a Compensation Committee to discuss and develop with the Plaintiff a job description and compensation plan for the position.

16. The Plaintiff, on or about July 21, 2004, without having had any discussion with the Compensation Committee established by the Defendant, was notified that the Plaintiff's employment with the Defendant was terminated retro-active to July 13, 2004 (Attachment E).

17. Throughout the period, the Plaintiff was continually reassured of continued employment.

<u>**COUNT I**</u>

<u>**Violation of Americans With Disabilities Act**</u>

18. The Plaintiff incorporates herein and makes a part hereof the allegations contained in Paragraphs 1 through 17.

19. The actions of the Defendant in failing to make a reasonable accommodation for the Plaintiff's disability is a violation of the American With Disabilities Act, 42 <u>U.S.C.</u> §12112(b)(5)(a).

20. The actions of the Defendant in terminating the employment of the Plaintiff, were based upon the Defendant regarding the Plaintiff as being disabled and/or the Plaintiff's record of having a disability, and were discriminatory.

21. At all times herein the actions of the Defendant have been committed in bad faith.

22. As a direct and proximate result of the Defendant discriminatory conduct, the Plaintiff has incurred lost wages and benefits.

23. The Defendant, by it's actions, willfully, maliciously, and intentionally, with reckless indifference discriminated against the Plaintiff in violation of the Americans With Disabilities Act, 42 <u>U.S.C.</u> §11212, and in doing so, is subject to punitive damages.

<u>**COUNT II**</u>

24. The Plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 24.

25. The Defendants, by and through the actions of their agents, servants and employees retaliated against and harassed the Plaintiff for requesting a reasonable accommodation in violation of 42 <u>U.S.C.</u> §12203.

## COUNT III

26. The Plaintiff incorporates herein and makes a part hereof the allegations contained in Paragraphs 1 through 26.

27. During the time Plaintiff sought a reasonable accommodation by the Defendants and the Defendant first indicated that it would consider his reasonable accommodation, and then withdrew that consideration; such actions were done for the purpose of inflicting mental anguish and distress upon the Plaintiff and as such constituted extreme and outrageous conduct.

28. The Defendant further engaged in extreme and outrageous conduct, both intentionally and recklessly in that Defendants knew of their obligations to comply with the Americans With Disabilities Act but willfully and intentionally failed to comply with those requirements, all with the intention of causing the Plaintiff extreme emotional distress.

29. As a result of these intentional actions by the Defendant the Plaintiff has continued to suffer severe psychological disability which has resulted from the Defendant extreme and outrageous conduct.

**WHEREFORE** the Plaintiff requests the Court to grant relief as follows:

 A. Award lost wages, both for past lost wages and future lost wages constituting such damages as the Court deems appropriate and front pay.

 B. Direct that the Defendant compensate for lost benefits which would have been enjoyed by the Plaintiff but for the actions of the Defendant constituting such damages as the Court deems appropriate.

 C. Direct that the Defendant pay the Plaintiff reasonable sums of money to compensate the Plaintiff for his pain and suffering.

 D. Direct that the Defendant pay to the Plaintiff reasonable sums as punitive and exemplary damages.

 E. Award to the Plaintiff his attorneys fees, litigation expenses, and all reasonable Court costs.

1         F.  Award injunctive and equitable relief in the form of reinstatement

2            and/or front pay.

3         G.  Such other and further relief that the Court deems appropriate.

4

5

6                                  **MICHAEL J. GOODRICK, P.A.**

7

8                          _____
                                  Michael J. Goodrick (#170)
                                  18-B Trolley Square

9                                  Wilmington, DE 19806
        Dated: January 20, 2006        Attorney for Defendant

10

11

 shared\gilliland\adafederal2

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. EQUAL **EMPLOYMENT OPPORTUNITY COiv1MIssION**

**NOTICE OF** RIGWT **TO SUE** *(ISSUED ONREQUEST)*

**NOTICE TO THE PERSON AGGRIEVED:**

(See *also the additional information attached to this form.)*

:itle **VII of the Civil** Rights Act of 1964 and/or the **Americans with** DisabiLities Act (ADA): This is your Notice of Right to Sue, issued .nder Title VII and/or **the ADA** based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII r the ADA **must be liled in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue ased on this charge will be lost. (The time limit for filing suit **based on a state** claim may be different.)

**X** j More than 180 days have passed since the filing of this charge.

1 Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

X j The EEOC is teriniiiating its processing of this charge.

The EEOC will continue to process this charge.

.ge Discrimination in Employment **Act** (ADEA): You may sue under the ADEA at arty time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the **paragraph marked** below applies to your case:

The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS of your receipt of this** Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge. you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be 3rought in federal or state CoUrt within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due **for** any violations that occurred **more** than **2 years (3 years) before** you file suit may **not** be collectible. :ryou file suit based on this charge, please send a copy of your court complaint to this office.

Enclosure(s)

On behalf of the Commission Marie M. Tomasso, District Director

*(Date Maiid)*

cc: Providence Crcck Services, LLC

| | | To:James C. Cillilarid From:<br>2468 Harvey Straughn Road<br>Clayton. DE 19938 | U. S. Equal **Employment** Opportunity **Commission**<br>Philadelphia District Office<br>21 South 5th Street ·Suite 400<br>Philadelphia, PA *19106-2515* | |
|---|---|---|---|---|
| **I** | **I** | *On behalf of persoizft) **aggrieved** whose **identity is CONFIDENTIAL** (29 FR J6Ol.7al)* | | |
| Jiarge **NO.** | | EEOC Representative | Telephone No | |
| 7C-2004-l) | 068 | 8 (formerly 17CA400688) Legal Unit | 215-440-2828 | |

**Jan 18 06 03:4lp Jod R. Harrison 302-653-3637 p.3**
**INFORMATION RELATED TO FILING SUIT**
**UNDER THE LAWS ENFORCED BY THE EEOC**
*(This information relates to filing suit i, Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be **aware** flint time limits and other*

*provisions of State law may be shorter or more limited than those described below.)*

**Title VII of the Civil** Riahts **Act, the Americans with Disabilities Act (ADA)** PRIVATE SUIT
RIGHTS ‑ **or the Age Discrimination in Employment Act** (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date ...yo.u *receivei:his* Notice. **Therefore,.you shouU keep a record ofthis date. Once this 90-day period is over,** your right to sue based on the charge referred to in this Notice will be lost. **If** you intend to consult an attorney, you should do so promptly. Furthermore, in order to avoid any question that you did **not** act in a timely manner, it is prudent that your suit be filed within **90 days of the date** this Notice was *mailed* **to you** (as indicated where the Notice is signed).

Your lawsuit may be tiled in U.S. District Court or a State court ofcompetentjurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS ‑ **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years** before you file **suit** may not **be** collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit <u>before 7/1/98</u> ‑ *not* 12/1/98 ‑in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, **in** addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- **or** 3-year EPA backpay recovery period.

ATTORNEY REPRESENTATION ‑ **Title VII and** the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court havinu jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND **EEOC** ASSISTANCE ‑ All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after **a** certain time, all charge files are kept for at least 6 months after our last action on the case iTherefore. *if* you file suit and want to review the charge file, please **make your review request** <u>within 6 months</u> of **this** Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF You FILE SUJT, PLEASE SEND A COPY OF YOUR COURT CoI'IpL/lJ.vT TO THIS OFFICE.*

an `18 06 03:41p Jod R. Harrison 302-653-3637 p•4`

**Jody R. Gilliland**

**From: James** C. **Gilliland [jgtililand@sjpf.org]**
**Sent: Tuesday. June 22, 2004 9:48 AM**
**lo: Evans, Dave (davei.evans@astrazeneca.com); Joyce V'Jebber (jwchix 1 @aol. com) Kaercher, Paul (yomas_1@hotmail.com)**
**Subject: Last Nights Meeting**

```
The behavior exhibited in last nights meeting by Mr. Meekins is totally
unacceptable for one am embarrassed and upset that we all have allowed this
outrageous arid counterproductive behavior to continue since January. Last
night, we allowed Joyce to break down, over the course of the past five months
being exposed on a regular basis to the same type of behavior has had a
detrimental effect on me, my wife, my family and has impaired my ability to get the
job done for the Foundation.
Last night everyone was trying to move forward. Joyce especially was towards
the end of the meeting trying very hard to establish some common ground with
```

the board members from PCA. Mr.Meekins influence disrupted the entire meeting.
Over the past several months Mr. Meekins behavior has set Chuck Taylor and me at
odds. Overall it is effecting the ability of our entire organization to
function properly.
I have experienced several corporate take overs, Been a member of the executive
commjte of a company traded on the r'JYSE and started and successfully sold two
businesses of my own. I have never in the 30 years my business career been
exposed to such a viciOuS, sustained and libelous attack.
Regards,
Jim Gilliland
would like to request that the Foundation take immediate action to regally restrain Mr.
eekins.

**an 18 06 03:41p Jod R. Harrison 302-653-3637 p.S**
**St. Joseph's at Providence Creek**

# *Board Meeting Minutes  6/29/04*

Meeting called to order at 7:10 pm
Those present:
Board Members Chuck Taylor, Beth Lightcap, Joyce Webber, Paul Kaerchet-, Jim
Gilliland. Eileen Clark, Mike McGrath, Margaret Freeman, and Dave Evans: Guests
Consultant Marc Ostroff and Attorney Chuck Durante
Chairman Dave Evans opened the meeting, explaining his recent resignation, and asking that it be
rescinded for the length of the board *meeting.* Paul so moved. Beth seconded, motion passed.
Dave introduced Marc to preside over the meeting. Dave, Marc, Chuck, and Mike discussed the action. No
vote was taken. Mike was provided a requesi.ed list of board members.
Agenda:
The agenda was reviewed, with Chuck requesting an addition. Chuck motioned for
inclusion of items addressed in an email of May 1, to be added to "Issues of contentjon.'
Motion seconded by Mike and passed.
Mike presented another addition, a written resolution, which he summarized as requesting that accountant
Harry Papaleo do an extensive and independent review of foundation finances. Motion, second, and
unanimous vote to affirm.
Guests:
Chuck asked for explanation of Chuck Durante's presence, questioned his involvement in foundation
activities and with Jim Gilliland. Paul motioned for him to remain in attendance, Dave seconded, motion
passed.
PCA board member Michelle Drake asked to attend the meeting. Mike motioned for allowance, opening
discussion. Resulting vote was "no" to allowing her presence, with Mike and Chuck dissenting.
Accountant s review:
Mike's resolution was explained, then passed.
Founder's presentation;
Joyce presented a history of the organization and why the group should remain active.
Jim gave a recap of the last full board meeting of 10/02.
Providence Creek Academy:
Dave presented an update on the relationship between St. Joseph's and the Providence Creek Academy.
Open discussion ensued: ranging from the entangled operations, to responsibility for financial difficulties,
to rent and other payments.. to a need for more trust between the organizations.
Financial questions:

an **18 06 03:42p** *3od* **R. Harrison 302653-3637**
Chuck read his list of questions, which the group suggested be included with Mike's resolution, as material
for Harry Papaleo's review. Chuck motioned, Beth seconded, and all approved.
Personnel:
Paul motioned for Jim to step down as Executive Director and accept position of Director of Programs and
Development, suggested that Marc accept position of Exec. Dir. Marc asked Paul to split the motion into
two.

Concern was expressed for qualifications to fill positions, compensation, review, and length of service. Positions were approved unanimously, with Marc's stint being interim and half-time. Terms of both to be determined.

Committee of Chair, Co-chair, and treasurer to review proposal for Jim and Marc's positions. Moved and approved.

Board, bylaws:

Marc discussed board membership and bylaws, and that terms in office should have expired. Dave motioned for sitting and present members be re-elected, Chuck seconded. motion passed.

Chuck opened the process of electing officers, nominating Mike for Chair, which Mike declined, then nominating Paul, who also declined. Paul nominated Joyce, Eileen seconded. Joyce asked *for* stipulation that all issues involving PCA channel through the Executive Director. Election carried.

Chuck motioned that 3 remaining officers retain their positions: Eileen as Co-chair, Paul as treasurer, and Chuck as chair of buildings and grounds. All approved. Mike motioned for Beth to become secretary, Chuck seconded, all approved.

Next board meeting scheduled for Friday, June 9 at 6:00 PM.

Chuck motioned for adjournment. Carried.

**n 18 06 03:42p Jod R. Harrison 302-653-3637**

_r_

# St. Jo5epk's

**at PROVIDENCE CREEK**

St. Joseph's at

Pro v den ce

Creek

The Providence

Creek July 21, 2004

Academy

Mr. James G. Gilliland

St. Joseph **S** 2468 Harvey Straughn Rd.

Foundation Clayton. DE 19938

Providence Dear Jim.

Creek

Center for This is to confirm that your employment with St. Joseph's at Providence Creek, and Nonprofit its associated corporations, has been terminated, as of end-of-day on Tuesday, July

.ntrepreneurship 13, 2004.

Central

Delmarva If you have not done so already, please call me to arrange a suitable time and day to Trails retrieve your personal belongings. If this is not completed by Wednesday, July 28,

Association 2004, we will be forced to package the items and deliver them to your residence.

Providence Regards,

Cree7 **(2.**

Socie:y

Providence M c C. Ostroff. Executive Director

Creek *653-8814,* 734-9118, 670-2960

Services

Providence

Creek

Holdings

The Providence

Creek

Center for
Autism
Research and
education
3O2) *53-627E'*
PC Box 919
layton. DE 19938
**Sr** *Jctephs* at
*ProHdence* Crek
ax 3C 853-9361
**vvww** .0 rg

`i8fl 18 06 03:401'`

`Jod R. Harrison 302-653-3637`

`p.1`

**NAME**

STREET ADDRESS

CITY, **STATE AND ZIP** CODE

**TEIEPHONE NUMBER (Include** Area Code)

**DATE DISCRIMINATION TOOK** PLACE
**E.ARLIEST** *01/3012004*
LATEST 07/13/2004
[]CONTINUING ACTION
THE PARTICULARS ARE (If **additional space is needed,** attached extra sheet(s):
Jurisdiction
Charging Party was employed by Respondent in Clayton, DE
(harging Party protected dass:
iarging Party is a qualified individual with a disability who can perform the essential functions of his job
with a reasonable accommodation.
Adverse employment: Hostile Work Environment, Reasonable Accommodation, Discharges
Employment Harm:
Charging Party was subjected to a hostile work environment by his co-workers Barry Meekins and Chuck
Taylor which triggered my disability. RespondenVs supervision was aware of my medical condition,
however, they failed to provide a reasonable accommodation and 1 was eventually discharged without
being provided a reason. Applicable law(s): Americans with Disabilities Act, as amended, and the
Handicapped Persons Employment Protection Act, as amended,
Respondent's explanation: Respondent did not provide an explanation for their actions
Comparators(s) or other specific reason(s) for alleging discrimination: After I informed Respondent about
my medical condition and how my co-workers triggered my condition I was discharged without being
given any explanation. I was never disciplined for any reason during my tenure.
Additional information and verification of these facts are provided by the attached Affidavit:

**I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate
fully with them in the processing of my charge in accordance with their** procedures.

**I swear or affirm that I** have **read the above charge and that it is true to** *the* best *of* **my knowledge, information and** belief.

RACED **COLOR** D **SEX** Q RELIGION lJ **NATIONAL ORIGIN** J **AGE** RETALIATiON DISABILITY OTHER (Specify)

SiGNATURE **OF COMPLAINANT**

OC FORM S
REV t[92

*v*
PREVIOUS OITIONS OF THIS FORM ARE OBSOLETE AND r.IUST NOT BE USED

| CHARGE OF DISCRIMINATION<br>This form is affected byth Privacy Act of 1974 | ENTER CHARGE NUMBER<br>**FEPA** */C7OJ*<br>EEOC *(7* t/?0 5?" |
|---|---|

Delaware Department of Labor and EEOC
(State. or local Agency, if any>
**AME (indicate Mr., Mrs., Me) HOME TELEPHONE NO. (Include** Area Code)
:•Ir. James Gilliland (302)653—3534
**STREET ADDRESS CITY, STATE AND ZIP CODE COUNTY**
2468 Harvey Straughn Rd. Clayton, IDE 19938 New Castle

**'JAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITIEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (*If more than* one, list below.)**

**NAME N0 OF EMPLOYEES OR TELEPHONE NUMBER (Inci. Area Code)**
?rovideflCe Creek Services,LLC **MEMBERS 41 (302)653-8814**
STREET **ADDRESS** CrrY, STATE AND ZIP CODE

355 West Duck Creek Rd. .Clayton,DE 19938

| I declare under pena of pen that the re I₁ rue d correct. C a **in** Party (Sigrrature) | **NOTARY** .(When necessy to meet State and Loc Requirements) |
|---|---|
| Subscribed **and sworn to** before **me** this date (**Day,** month. ano ear1 | |

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

James G. Gilliland

**DEFENDANTS**

Providence Creek Services, LLC.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)
Kent County

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
Kent County

**(c)** Attorney's (First Name, Address, and Telephone Number)

Michael J. Goodrick, P.A.
Michael J. Goodrick
18-B Trolley Square, Wilm. DE 19806
(302) 778-5360

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

Γ 1  U.S. Government
Plaintiff

X 3  Federal Question
(U.S. Government Not a Party)

Γ 2  U.S. Government
Defendant

Γ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | | DEF | | | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ξ1 | Γ 1 | Incorporated or Principal Place of Business In This State | Γ 4 | Γ 4 |
| Citizen of Another State | Γ 2 | Γ 2 | Incorporated and Principal Place of Business In Another State | Γ 5 | Γ 5 |
| Citizen or Subject of a Foreign Country | Γ 3 | Γ 3 | Foreign Nation | Γ 6 | Γ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| Γ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | Γ 610 Agriculture | Γ 422 Appeal 28 USC 158 | Γ 400 State Reapportionment |
| Γ 120 Marine | Γ 310 Airplane | Γ 362 Personal Injury— | Γ 620 Other Food & Drug | | Γ 410 Antitrust |
| Γ 130 Miller Act | Γ 315 Airplane Product | Med. Malpractice | Γ 625 Drug Related Seizure | Γ 423 Withdrawal | Γ 430 Banks and Banking |
| Γ 140 Negotiable Instrument | Liability | Γ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | Γ 450 Commerce/ICC Rates/etc. |
| Γ 150 Recovery of Overpayment | Γ 320 Assault, Libel & | Product Liability | Γ 630 Liquor Laws | | Γ 460 Deportation |
| & Enforcement of Judgment | Slander | Γ 368 Asbestos Personal | Γ 640 R.R. & Truck | **PROPERTY RIGHTS** | Γ 470 Racketeer Influenced and |
| Γ 151 Medicare Act | Γ 330 Federal Employers' | Injury Product | Γ 650 Airline Regs. | Γ 820 Copyrights | Corrupt Organizations |
| Γ 152 Recovery of Defaulted | Liability | Liability | Γ 660 Occupational | Γ 830 Patent | Γ 810 Selective Service |
| Student Loans | Γ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | Γ 840 Trademark | Γ 850 Securities/Commodities/ |
| (Excl. Veterans) | Γ 345 Marine Product | Γ 370 Other Fraud | Γ 690 Other | | Exchange |
| Γ 153 Recovery of Overpayment | Liability | Γ 371 Truth in Lending | | **SOCIAL SECURITY** | Γ 875 Customer Challenge |
| of Veteran's Benefits | Γ 350 Motor Vehicle | Γ 380 Other Personal | **LABOR** | Γ 861 HIA (1395ff) | 12 USC 3410 |
| Γ 160 Stockholders' Suits | Γ 355 Motor Vehicle | Property Damage | Γ 710 Fair Labor Standards | Γ 862 Black Lung (923) | Γ 891 Agricultural Acts |
| Γ 190 Other Contract | Product Liability | Γ 385 Property Damage | Act | Γ 863 DIWC/DIWW (405(g)) | Γ 892 Economic Stabilization Act |
| Γ 195 Contract Product Liability | Γ 360 Other Personal Injury | Product Liability | Γ 720 Labor/Mgmt. Relations | Γ 864 SSID Title XVI | Γ 893 Environmental Matters |
| | | | | Γ 865 RSI (405(g)) | Γ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Γ 730 Labor/Mgmt.Reporting | | Γ 895 Freedom of |
| Γ 210 Land Condemnation | Γ 441 Voting | Γ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| Γ 220 Foreclosure | X 442 Employment | Sentence | Γ 740 Railway Labor Act | Γ 870 Taxes (U.S. Plaintiff | Γ 900 Appeal of Fee Determination |
| Γ 230 Rent Lease & Ejectment | Γ 443 Housing/ | Habeas Corpus: | | or Defendant) | Under Equal Access to |
| Γ 240 Torts to Land | Accommodations | Γ 530 General | Γ 790 Other Labor Litigation | Γ 871 IRS—Third Party | Justice |
| Γ 245 Tort Product Liability | Γ 444 Welfare | Γ 535 Death Penalty | | 26 USC 7609 | Γ 950 Constitutionality of |
| Γ 290 All Other Real Property | Γ 440 Other Civil Rights | Γ 540 Mandamus & Other | Γ 791 Empl. Ret. Inc. | | State Statutes |
| | | Γ 550 Civil Rights | Security Act | | Γ 890 Other Statutory Actions |
| | | Γ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

Ξ 1  Original
Proceeding

Γ 2  Removed from
State Court

Γ 3  Remanded from
Appellate Court

Γ 4  Reinstated or
Reopened

Transferred from
another district
(specify)
Γ 5

Γ 6  Multidistrict
Litigation

Appeal to
District
Judge from
Magistrate
Judgment
Γ 7

## VI. CAUSE OF ACTION  42 USC Sections 12101 et seq. Violation of ADA

## VII. REQUESTED IN
COMPLAINT:

Γ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  X Yes  Γ No

## VIII. RELATED CASE(S)
IF ANY

(See
instructions):

JUDGE

DOCKET
NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.      (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.      Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.      Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.      Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.      Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.      Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.      Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.      Related Cases**. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.