## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES G. GILLILAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-51-JJF |
| | ) | |
| PROVIDENCE CREEK SERVICES, | ) | |
| LLC., a | ) | |
| Delaware corporation, | ) | |
| | ) | |
| Defendant. | | |

## ANSWER

Providence Creek Services, LLC ("Services" or "Defendant"), by its undersigned counsel, hereby answers the Complaint filed in this action by the plaintiff, James G. Gilliland ("Gilliland" or "Plaintiff"), on January 26, 2006 ("Complaint"), which was served on Services on February 10, 2006, as follows:

### THE PARTIES

1.    Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 of the Complaint.

2.    Admitted.

3.    Admitted.

4.    Services admits that it is a person engaged in an industry affecting commerce within the meaning of ADA §101(5), 42 U.S.C. § 12111(5).  To the extent that a further response is required, Services denies the allegations of paragraph 4 of the Complaint.

5.    Services admits that at all times during Plaintiff's employment with Services it has been a covered entity under the ADA § 101(2), 42 U.S.C. §12111(2).  To the extent that a

further response is required, Services denies the allegations of paragraph 5 of the Complaint, except that it admits that for some time prior to that date, but not at all times, it was also a covered entity.

## JURISDICTION AND VENUE

6.    Services admits only that Plaintiff alleges in paragraph 6 of the Complaint that this Court has jurisdiction over the matters alleged in the Complaint; Services denies that such claims are properly before the Court.

7.    Services admits only that Plaintiff alleges in paragraph 7 of the Complaint that this action is properly authorized and instituted under the ADA and the ADEA; Services denies that such claims are properly authorized and instituted.

8.    Services admits the allegation in paragraph 8 of the Complaint that many of the acts alleged as the basis for the causes of action alleged in the Complaint took place within the boundaries of this District; the remainder of the allegations contained in Paragraph 8 of the Complaint are denied.

## PREREQUISITES

9.    Services admits only that a copy of a Charge of Discrimination dated September 13, 2004, is referenced in the Complaint and that Plaintiff has exhausted his administrative remedies as they pertain to the ADA.  The Charge of Discrimination speaks for itself and to the extent that a further response is required, Services denies the allegations of paragraph 9 of the Complaint.

10.    Services admits that the United States Equal Employment Opportunity Commission issued a Notice of Right To Sue.  That document speaks for itself.  Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegation that Plaintiff received that document on or about November 8, 2005. To the extent that a further response is required, Services denies the allegations of paragraph 10 of the Complaint.

11.    Services admits that the Complaint was filed within ninety (90) days of November 8, 2005. Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 11 of the Complaint.

## FACTUAL ALLEGATIONS

12.    Denied.

13.    Services is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13 of the Complaint. To the extent that a further response is required, Services denies the allegations of paragraph 13 of the Complaint.

14.    Denied.

15.    Denied, except that it is admitted that on June 29, 2004, a committee was formed to consider personnel matters relating to management positions. To the extent that a further response is required, Services denies the allegations of paragraph 15 of the Complaint.

16.    Admitted only that Plaintiff's employment was terminated on July 13, 2004, and that Marc C. Ostroff sent a letter to Plaintiff, which is dated July 21, 2004. That document speaks for itself. To the extent that a further response is required, Services denies the allegations of paragraph 16 of the Complaint.

17.    Denied.

## COUNT I

18.    Services incorporates by reference paragraphs 1 through 17 above as if set forth fully herein.

3

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

## COUNT II

24.    Services incorporates by reference paragraphs 1 through 23 above as if set forth fully herein.

25.    Denied.

## COUNT III

26.    Services incorporates by reference paragraphs 1 through 25 above as if set forth fully herein.

27.    Denied.

28.    Denied.

29.    Denied.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

30.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

31.    Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Services or to avoid harm otherwise.

### THIRD DEFENSE

32.    Plaintiff has failed to mitigate his damages, and to the extent of such failure to mitigate, any damages that may be awarded to Plaintiff should be reduced accordingly.

### FOURTH DEFENSE

33.    All actions taken by Services, its representatives and employees, with respect to Plaintiff's employment, and the terms and conditions of his employment, were taken in good faith, for legitimate business reasons, without any malice and without any intent to injure or harm Plaintiff, and, therefore, are not discriminatory or otherwise actionable.

### FIFTH DEFENSE

34.    Plaintiff's claim under the ADEA is barred to the extent that he has failed to exhaust his administrative remedies.

### SIXTH DEFENSE

35.    Plaintiff's ADEA-based claims are barred because he has not complied with the applicable statutes of limitations.

### SEVENTH DEFENSE

36.    Services reserves the right to assert additional affirmative defenses as Plaintiff's claims are clarified during the course of this litigation.

WHEREFORE, Services requests that this Court enter judgment in its favor:

(1) dismissing with prejudice the Complaint and each cause of action set forth therein;

(2) granting Services its costs and attorneys' fees; and

(3) granting such other and further relief as this Court shall determine to be equitable, just and proper.

CONNOLLY BOVE LODGE & HUTZ LLP

Matthew F. Boyer (Del. Bar No. 2564)
Timothy M. Holly (Del. Bar No. 4106)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141

Date:  March 2, 2006

*Attorneys for Providence Creek  Services, LLC*

09692-10*447606_1

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2006, a copy of Defendant Providence Creek

Services's Answer to Plaintiff's Complaint was served upon the following counsel:

**Electronically by CM/ECF and Facsimile (302-778-5026)**

Michael. J. Goodrick, Esquire (Del. Bar No. 170)
Michael J. Goodrick, P.A.
18-B Trolley Square
Wilmington, DE 19806
Attorney for Plaintiff



_____
Timothy Holly (Del. Bar No. 4106)


450095