**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|                                             |     |                       |
|---------------------------------------------|-----|-----------------------|
| JAMES G. GILLILAND,                         | )   |                       |
|                                             | )   |                       |
| Plaintiff,                                  | )   |                       |
|                                             | )   |                       |
| v.                                          | )   | C. A. No. 06-51-JJF   |
|                                             | )   |                       |
| PROVIDENCE CREEK SERVICES, LLC,             | )   |                       |
| a Delaware corporation,                     | )   |                       |
|                                             | )   |                       |
| Defendant.                                  | )   |                       |

**DEFENDANT PROVIDENCE CREEK'S
MOTION TO COMPEL
PLAINTIFF'S RESPONSES TO DEFENDANT'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND
FIRST SET OF INTERROGATORIES**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure Defendant, Providence Creek

Services, LLC ("Services"), by its undersigned counsel, hereby moves this Court for an order

compelling Plaintiff, James G. Gilliland, to answer Defendant's First Request for Production of

Documents and First Set of Interrogatories. As grounds therefor, Services states as follows:

1.    The Scheduling Order dated April 12, 2006, states that "[e]xchange and

completion of interrogatories, identification of all fact witnesses and document production shall

be commenced so as to be completed by September 15, 2006." (DI 7)

2.    The Scheduling Order further holds that "[d]epositions shall not commence until

the discovery . . . are completed."

3.     On July 7, 2006, Services served its First Request for Production of Documents ("Exhibit A") and First Set of Interrogatories ("Exhibit B") (the "Discovery Requests").[1]

4.     Plaintiff's responses to Allen's Request for Production were due on August 7, 2006.

5.     However, on July 27, 2006, this Court entered an Order permitting Michael J. Goodrick, Esquire, attorney for Mr. Gilliland, to withdraw his appearance on behalf of Plaintiff. (DI 22)  In that Order, the Court also required Mr. Goodrick to advise Mr. Gilliland that "substitute counsel shall enter an appearance by September 5, 2006." *See id.*

6.     In view of the Court's Order, Services's counsel waited for the date set by the Court for Mr. Gilliland to retain substitute counsel before insisting on his responses.  However, no new counsel for Mr. Gilliland has entered an appearance on or after September 5, 2006.

7.     On September 6, 2006, Services's counsel sent Mr. Gilliland a letter by overnight mail stating in part, "[y]our responses are now a month overdue and written discovery ends on September 15, 2006.  We require your responses by Monday, September 11, 2006, or we will file a Motion to Compel."

8.     On Friday, September 8, 2006, Mr. Gilliland called counsel for Providence Creek, confirmed that he received the September 6 letter, and stated that he intended to retain counsel soon.  Counsel for Providence Creek informed Mr. Gilliland that it, nonetheless, required responses by Monday, September 11, 2006.

---

[1]     Pursuant to Local Rules 5.4 and 37.1, copies of the Discovery Requests served on July 7, 2006, are being filed with the Court separately.  Notices of Service are entered into the docket as DI 16 and DI 15 respectively.

9.     On Monday, September 11, 2006, Mr. Gilliland sent Providence Creek's counsel a letter but no responses to discovery.

WHEREFORE, Services respectfully requests that this Court enter an order compelling Plaintiff to answer Defendant Providence Creek Services, LLC's First Request for Production of Documents and First Set of Interrogatories.  The statement required under Local Rule 7.1.1 and a proposed Order are attached.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP
Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblhlaw.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblhlaw.com
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 252-4217
*Attorneys for Providence Creek Services, LLC*

Date:  September 12, 2006

09692-10*486128_1

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 12, 2006, a copy of DEFENDANT

PROVIDENCE CREEK'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET

OF INTERROGATORIES was served by Federal Express to:

> James G. Gilliland
> 2468 Harvey Straughn Rd.
> Clayton, Delaware 19938

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP
Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblhlaw.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblhlaw.com
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 252-4217
*Attorneys for Providence Creek Services, LLC*

Date:  September 12, 2006

09692-10*486128_1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES G. GILLILAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-51-JJF |
| | ) | |
| PROVIDENCE CREEK SERVICES, | ) | |
| LLC, a | ) | |
| Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE

The undersigned certifies that, on July 7, 2006, two (2) true and correct copies of the

**Defendant's First Request For Production of Documents** were served, together with copies of

this Notice of Service and a Certificate of Service, , upon the following counsel of record, at the

address and by the means specified below:

## Electronically by CM/ECF (Notice and Certificate only) and Facsimile (302-778-5026) and First Class Mail (Disclosures, Notice of Service, and Certificate)

Michael. J. Goodrick, Esquire (Del. Bar No. 170)
Michael J. Goodrick, P.A.
18-B Trolley Square
Wilmington, DE 19806
Attorney for Plaintiff

CONNOLLY BOVE LODGE & HUTZ LLP
Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblhlaw.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblhlaw.com
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 252-4217
*Attorneys for Providence Creek Services, LLC*

CBLH: 464183

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES G. GILLILAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-51-JJF |
| | ) | |
| PROVIDENCE CREEK SERVICES, | ) | |
| LLC, a | ) | |
| Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "FRCP"), Providence Creek Services, LLC ("Services"), by and through its undersigned counsel, hereby requests that James G. Gilliland ("Gilliland" or "Plaintiff") produce the documents requested below at the offices of Connolly Bove Lodge & Hutz LLP, The Nemours Building, 1007 North Orange Street, Wilmington, Delaware, 19801, in conformance with and within the time required by the foregoing rules, or at such other place and time to which the parties may agree.

### Definitions and Instructions

The definitions and instructions set forth in FRCP Rule 34(a) are incorporated herein by reference. In addition, for the purposes of these document requests, the following definitions and instructions apply:

### Definitions

As used herein, the following terms shall have the meanings set forth below unless specifically indicated:

1

1.    "Document" means any kind of written, recorded or graphic matter, whether produced, reproduced or stored on paper, cards, film, audio or video tapes, electronic facsimile, computer storage device, or any other media, or any kind or description, whether sent or received or neither, including, without limitation:  originals, copies (with or without notes or changes therein) and drafts including, without limitation:  papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interview, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, newspaper accounts, statistical records, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms, all other records kept by electronic, photographic or mechanical means, and things similar to the foregoing however denominated by Plaintiff, in the possession, custody or control of Plaintiff or any agent or counsel of or for the Plaintiff.

In the event that any document called for by this Request has been destroyed or discarded, that document is to be identified as follows:

    (a)        Each addressor and addressee;

    (b)        Each indicated or blind copy;

    (c)        The document's date, subject matter, number of pages and attachments or appendixes;

    (d)        All persons to whom the document was distributed, shown or explained;

2

(e)        Its date of destruction or discard, manner of destruction or discard, and reason for discard or destruction; and

(f)        The person who authorized such destruction or discard.

2.    "You" or "your" shall refer to the Plaintiff producing the documents requested, and all agents and representatives and all other persons acting on behalf of or who have purported to act on behalf of the Plaintiff.

3.    "Person" means any natural person in any capacity, and all entities of every description including, but not limited to, associations, organizations, companies, partnerships, joint ventures, corporations, trusts and estates, and all divisions, departments and other such units.

4.    The terms "any," "all," and "every" mean each and every.

5.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of the particular request all information that might otherwise be construed to be outside of their scope.

6.    The terms "concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, pertaining to, describing, evidencing, constituting, comprising, supporting, refuting or contradicting the referenced subject.

7.    The terms "relate," "relating to," and "refer" mean to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

8.    The term "communication" means any exchange or transfer of information between two or more persons, whether oral, written or in any other form.

9.    The term "identify" or "identity" when used in reference to an individual person means to state the person's full name, present address and telephone number, if known, and the

3

person's present or last known title, position, and business affiliation. When used in reference to a person other than an individual person, "identify" or "identification" means to state whether such person is a corporation, company, partnership, association, joint venture, or other organization, and the name, present and last known address, and principle place of business. Once any person has been identified properly, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

10.    The term "identify" or "identity" when used in reference to a document or other tangible thing means:

(a)    to provide a brief description of such document or thing, including date, author, recipients and content or substance;

(b)    to identify the custodian of the document or thing;

(c)    to identify the place where the document or thing may be inspected; and

(d)    if any such document was, but is no longer in the Plaintiff's possession, custody or control, state what disposition was made of such document.

11.    The term "identify or "identity" when used in reference to an occurrence or event means to provide all facts relating to the event, including without limitation, a description of the event, the time and place the event occurred, the identity of each and every person who witnessed the event, and the identity of each and every person having knowledge of the event.

12.    The term "subject matter of this litigation" means all events, claims and allegations included in Plaintiff's Complaint for relief (civil action number 06-51-JJF).   This includes all events contemporaneous therewith and all causes of action directly or indirectly relating to or implied in said complaint and all claims counterclaims and defenses raised by Services.

4

## Instructions

1.   All requests herein to produce documents are intended to embrace within their scope both non-privileged documents and documents as to which privilege is claimed.  As to any document for which the Plaintiff claims privilege, in lieu of production of the document, the Plaintiff's response shall include a full statement of the factual and legal basis underlying such claim of privilege, including:

     (a)    the name of the author of the document;

     (b)    the name of each person to whom copies were sent;

     (c)    the date of the document and number of pages;

     (d)    the name of the individual who currently has possession, custody, or control of the document;

     (e)    a brief description of the nature and subject matter of the document; and

     (f)    the basis for which it is being withheld.

2.   To the extent that the Plaintiff objects to the production of things at the time and place specified above, the Plaintiff's response should include a description of the thing in terms of structure and function, a brief narrative of its history as presently known to the Plaintiff, its present whereabouts, and the name and address of its present custodian, if any.

3.   Whenever appropriate, the singular form of a word should be interpreted in the plural.

4.   Words in the past tense include the present tense, words in the present tense include the past tense.

5.   "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside its scope.

6.    If any information or data requested is information which is stored electronically, it is to be identified by the following:

      (a)    the subject matter of the information or data;

      (b)    the name, employer, position and business address of the person in whose custody the data or information is presently held; and

      (c)    the form or format in which the data or information is stored or held.

7.    Unless otherwise indicated, these requests seek all documents up to and including the present, and continuing until resolution of this matter.

8.    These document requests are deemed to be continuing, and should be supplemented promptly, as soon as any new responsive information becomes available.

9.    In responding to these document requests, in order to alleviate any confidentiality concerns, customer names and addresses may be redacted from documents that are produced as long as each customer is identified by a unique number.

## Requests

1.    All documents identified, referred to, relied upon, or requested in responding to Services's First Set of Interrogatories directed to Plaintiff.

2.    All documents that Plaintiff identified, referred to, or relied upon in responding to his initial disclosures.

3.    All documents, including, but not limited to, any statement (signed or unsigned), concerning the allegations or complaints in this case.

4.    All documents which mention, discuss, describe, relate to, refer to, or embody in any way any claim on which Defendant intends to rely in this case.

6

5.      All documents which relate or refer in any way to the knowledge of any person who was involved in Plaintiff's charge of discrimination with the Delaware Department of Labor and/or Equal Employment Opportunity Commission and/or complaint of discrimination as it relates to the subject matter of this litigation.

6.      All documents which relate or refer in any way to communications between Plaintiff and/or Services's employees regarding the events that gave rise to this lawsuit, or the subject matter of this litigation, including, but not limited to, any communication regarding Plaintiff's alleged disability and any alleged accommodation of Plaintiff's alleged disability and/or any retaliation against Plaintiff.

7.      Each and every report, draft, note, engagement agreement, contract relating to each person whom Plaintiff expects to call as an expert witness, including but not limited to that which he will rely upon for his testimony, all documents supplied to or reviewed by each expert, and each expert's qualifications as an expert, including a curriculum vitae or its equivalent.

8.      All documents which Plaintiff intends to introduce as exhibits at the trial of this matter.

CONNOLLY BOVE LODGE & HUTZ LLP
Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblhlaw.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblhlaw.com
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 252-4217
*Attorneys for Providence Creek Services, LLC*

Date: July 7, 2006

09692-10*465736_1

7

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2006, a copy of the **Defendant's First Request For**

**Production of Documents** was served upon the following counsel:

### By Facsimile (302-778-5026) and First Class Mail

Michael. J. Goodrick, Esquire (Del. Bar No. 170)
Michael J. Goodrick, P.A.
18-B Trolley Square
Wilmington, DE 19806
Attorney for Plaintiff

Timothy Holly (Del. Bar No. 4106)

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES G. GILLILAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-51-JJF |
| | ) | |
| PROVIDENCE CREEK SERVICES, | ) | |
| LLC, a | ) | |
| Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE

The undersigned certifies that, on July 7, 2006, two (2) true and correct copies of

the **Defendant's First Set of Interrogatories** were served, together with copies of this

Notice of Service and a Certificate of Service, , upon the following counsel of record, at

the address and by the means specified below:

## Electronically by CM/ECF (Notice and Certificate only) and Facsimile (302-778-5026) and First Class Mail (Disclosures, Notice of Service, and Certificate)

Michael. J. Goodrick, Esquire (Del. Bar No. 170)
Michael J. Goodrick, P.A.
18-B Trolley Square
Wilmington, DE 19806
Attorney for Plaintiff

*Tim M. Hall*

CONNOLLY BOVE LODGE & HUTZ LLP
Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblhlaw.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblhlaw.com
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 252-4217
*Attorneys for Providence Creek Services, LLC*

CBLH: 464183

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES G. GILLILAND,                )
                                   )
                Plaintiff,         )
                                   )
        v.                         )      C. A. No. 06-51-JJF
                                   )
PROVIDENCE CREEK SERVICES,         )
LLC, a                             )
Delaware corporation,              )
                                   )
                Defendant.         )

## DEFENDANT'S FIRST SET OF INTERROGATORIES

Providence Creek Services, LLC (hereinafter "Services") requests Plaintiff, James
G. Gilliland ("Plaintiff") pursuant to Rule 33 of the Federal Rules of Civil Procedure, to
answer separately, fully, in writing and under oath the following interrogatories within
thirty (30) days from the date of service.

## DEFINITIONS

COMMUNICATION means any form of oral or written exchange, whether in
PERSON, by telephone, by facsimile, by telex, by electronic mail ("e-mail") or by any
other medium; also any DOCUMENT, whether or not such DOCUMENT or the
information contained therein was transmitted by its author or to any PERSON.

DEFENDANT means Services, including where relevant, all employees, agents,
insurance carriers, insurance agents, contractors, and all PERSONS acting on behalf of
Services.

DESCRIBE or DESCRIPTION when used with respect to any act, action,
accounting, activity, audit, practice, process, occurrence, occasion, course of conduct,
happening, negotiation, relationship, scheme, COMMUNICATION, conference,
discussion, development, service, transaction, instance, incident or event means provide
the following information: its general nature; the time and place thereof; a chronological

account setting forth each element thereof, what such element consisted of and what transpired as a part thereof; the IDENTITY of each PERSON who performed any function or had any role in connection therewith (e.g., speaker, participant, contributor of information, witness, etc.) or who has any knowledge thereof together with a DESCRIPTION of each such PERSON'S function, role or knowledge; the IDENTITY of each DOCUMENT which refers thereto or which was used, referred to or prepared in the course or as a result thereof; and IDENTIFY each COMMUNICATION which was a part thereof or referred thereto.    When used in connection with any calculation or computation, the terms DESCRIBE or DESCRIPTION mean provide the following information; an explanation of its meaning an explanation of the manner in which it was derived; the IDENTITY of each PERSON who performed any function with respect thereto and a DESCRIPTION of his function; the IDENTITY of each DOCUMENT which refers thereto or which was used, referred to or prepared in the course of as a result thereof; and, the IDENTITY of each COMMUNICATION which occurred in the course of the preparation thereof or which referred thereto.

DOCUMENT is used in the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure and includes, but is not limited to, all forms of recorded information in YOUR actual or constructive possession, custody, or control whether handwritten, typed, printed, or recorded or stored on computer data storage devices, diskettes, videotapes, audio tape, or photographic film.  DOCUMENT includes any drafts or versions thereof, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears.  DOCUMENT includes, by way of example and not by way of limitation: (a) letters, correspondence, memoranda, e-mail (current, deleted, and archived) and other electronic COMMUNICATIONS, voice mail recordings, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company COMMUNICATIONS; (b) minutes, transcripts, notes or records of meetings, conferences, telephone conversations, and interviews, including lists of PERSONS attending the meetings or conferences; (c) calendars, date books, log books, logs, diaries; (d) data, test results, laboratory notebooks, engineering or other notebooks, work papers, notes compilations, tabulations, software, source code, object code; (e) blue prints, drawings, sketches, schematics, specifications,

diagrams, photographs, maps, charts, graphs;    (f) user manuals, policy manuals, guidelines, handbooks, machinery, manuals, directions, instruction books;  (g) sales and promotional literature, brochures, press releases, advertisements, pamphlets; (h) reports, studies, analyses, projections, strategic plans, presentations, books, booklets, texts; (i) forms, legal pleadings or filings, deposition transcripts; (j) ledgers, accounting records, sales and financial information; (k) archived records and expired files; and (l) any retrievable word processor files, e-mail, spreadsheet, presentation or other compilation of information stored on a personal computer, a server or any other storage media.

INDENTIFY, IDENTITY or IDENTIFICATION, when used in reference to a natural PERSON, means provide the following information: full name; present or last known business and residence addresses; present or last known business affiliation; and, present or last known business position, job title and a DESCRIPTION of job functions, duties and responsibilities, the IDENTITY of all supervisors; and the name and telephone number of all employees. When used with reference to any entity other than a natural PERSON, state: its full name; the address of its principal place of business; the jurisdiction under the laws of which it has been organized or incorporated and the date of such organization or incorporation; the IDENTITY of all individuals who acted and/or authorized another to act on its behalf in connection with the matters referred to; in the case of a corporation, the names of its directors and principal officers; and, in the case of an entity other than a corporation, the IDENTITIES of its partners or principals or all individuals who acted or who authorized another to act on its behalf in connection with the matters referred to. When used in reference to a DOCUMENT, the terms IDENTIFY, IDENTITY or IDENTIFICATION means provide the following information: the nature of the DOCUMENT (e.g., letter, contract, memorandum) and any other information (i.e., its title, index or file number) which would facilitate in the IDENTIFICATION thereof; the date of preparation; its present location and the INDETITY of its present custodian or, if its present location and custodian are not known, a DESCRIPTION of its last known disposition; its subject matter and substance or, in lieu thereof, annex a legible copy of the DOCUMENT to the answers to these interrogatories; the IDENTITY of each PERSON who performed any function or had any role in connection therewith (i.e. author, contributor of information, recipient, etc.) or who has any knowledge thereof,

3

together with a DESCRIPTION of each such PERSON'S function, role or knowledge; and, if the DOCUMENT has been destroyed or otherwise is no longer in existence or cannot be found, the reason why such DOCUMENT no longer exists, the IDENTITY of the people responsible for the DOCUMENT no longer being in existence and of its last custodian. When used in connection with a meeting or a COMMUNICATION, the terms IDENTIFY, INDENTITY AND IDENTIFICATION mean provide the following information: its general nature; the time and place of its occurrence; its subject matter and substance; the IDENTITY of each PERSON who performed any function or had any role in connection therewith or who has any knowledge thereof, together with a DESCRIPTION of each such PERSON'S function, role, or knowledge; and, the IDENTITY of each DOCUMENT which refers thereto or which was used, referred to or prepared in the course or as a result thereof.

PERSON means individual or legal entity, including, but not limited to, companies, corporations, professional corporations, proprietorships, firms, partnerships, associations, joint ventures, trusts, estates, receivers, and institutions and government entities, including, but not limited to, federal, state and local governments and all subdivisions, departments, bodies, agencies, authorities, or corporations thereof.

PLAINTIFF means James G. Gilliland, including where relevant, all PERSONS acting on behalf of Mr. Gilliland.

RELATING or RELATING TO means constituting, containing, concerning, embodying, reflecting, describing, analyzing, IDENTIFYING, stating, referring to, dealing with, or in any way pertaining to.

SUBJECT MATTER OF THIS LITIGATION includes all events, claims and allegations included in Plaintiff's Complaint for relief (civil action number 06-51-JJF). This includes all events contemporaneous therewith and all causes of action directly or indirectly RELATING TO or implied in said complaint and all claims counterclaims and defenses raised by SERVICES.

YOU, YOUR and YOURS is synonymous with PLAINTIFF.

4

Miscellaneous: The singular includes the plural; the plural includes the singular; the masculine gender includes the feminine and neuter gender; the neuter gender includes the masculine and feminine genders. "And" means and/or. "Or" means and/or. Whenever any interrogatory calls for information with respect to "each" one of a particular type of matter, event, PERSON or entity of which there is more than one, separately list, set forth or IDENTIFY for each thereof all of the information called for.

## INSTRUCTIONS

In addition to the Federal Rules of Civil procedure and the applicable Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, please respond in accordance with the following instructions:

Claims of Privilege:    If any matter responsive to any of the following interrogatories is being withheld based on any claim of privilege, DESCRIBE generally the matter withheld, state the privilege being relied upon and IDENTIFY all PERSONS or entities who have or have had access to such matter.

Answer by Claim of Lack of Knowledge: If the answer to any interrogatory is that YOU lack knowledge of the requested information, DESCRIBE all efforts made by YOU to obtain the information necessary to answer the interrogatory.

Cross Reference:  YOU may answer any interrogatory in whole or in part by reference to the answer to any other, provided that all of the information sought by each interrogatory is furnished.

Relevancy or Over Breadth: If any interrogatory is objected to on grounds of lack of relevancy or over breadth, YOU are instructed to respond to the interrogatory as narrowed to conform to YOUR objection within the thirty (30) day period allowed for a response.

Continuing Nature: These interrogatories are intended to be and shall be deemed to be continuing. If YOU are unable to answer any interrogatory fully at this time,

answer it to the best of YOUR ability. If YOU should subsequently acquire any further information called for by these interrogatories, it is immediately called for hereunder.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:** RELATING to the SUBJECT MATTER OF THIS LITIGATION, list all claims on which PLAINTIFF intends to rely and describe the complete basis for any such claim. IDENTIFY the statute, judicial opinion, or other authority recognizing the applicability of such claim to the SUBJECT MATTER OF THIS LITIGATION.

RESPONSE:

**INTERROGATORY NO. 2:** Have YOU or YOUR agents, representatives or attorneys, obtained from any PERSON, who is not a party to this case, any DOCUMENT, including, but not limited to, any COMMUNICATION or statement (signed or unsigned), concerning the SUBJECT MATTER OF THIS LITIGATION? If your answer is in the affirmative, IDENTIFY each such DOCUMENT and from whom it was obtained and when it was obtained.

RESPONSE:

**INTERROGATORY NO. 3:**  IDENTIFY each PERSON whom PLAINTIFF expects to call as an expert witness at trial and IDENTIFY the PERSON'S qualifications as an expert and the facts and opinions to which the PERSON is expected to testify.  For each expert, IDENTIFY all reports, drafts, notes, engagement agreements, contracts relating to his/her testimony and all DOCUMENTS supplied to or reviewed by each expert.

RESPONSE:

**INTERROGATORY NO. 4:**    DESCRIBE all COMMUNICATIONS between PLAINTIFF and any other PERSON regarding the events that gave rise to this lawsuit, or the SUBJECT MATTER OF THIS LITIGATION, including, but not limited to, any COMMUNICATION regarding DEFENDANT'S alleged disability.    IDENTIFY the participants, the date, the subject matter of the communication and your best recollection everything that was COMMUNICATED.

RESPONSE:

**INTERROGATORY NO. 5:**   IDENTIFY every PERSON who was involved in PLAINTIFF'S complaint of discrimination.  With respect to each PERSON, IDENTIFY the fact or facts that witness knows or may know, the source of his knowledge, all documents relating to his knowledge, and the PERSON'S relationship to PLAINTIFF'S complaint.

RESPONSE:

**INTERROGATORY NO. 6:**   IDENTIFY any DOCUMENT, including, but not limited to, all federal and state tax returns, from 1997 through 2003, that might support or refute the claim that PLAINTIFF served without compensation, save reimbursement for out of pocket expenses, as Executive Director of Saint Joseph's at Providence Creek under its predecessor titles from 1997 until January 2003; at which time he became an employee of DEFENDANT with the express purpose of continuing to serve primarily as Executive Director of Saint Joseph's at Providence Creek.

RESPONSE:

**INTERROGATORY NO. 7:** IDENTIFY the basis of YOUR claim that PLAINTIFF formally requested from DEFENDANT a reasonable accommodation. IDENTIFY specifically the formality of the request and the basis for classifying the request as a "reasonable accommodation."

RESPONSE:

**INTERROGATORY NO. 8:**  IDENTIFY the basis of YOUR claim that on June 29, 2004, DEFENDANT offered and PLAINTIFF accepted a reasonable accommodation, transferring the Plaintiff to the position of Director of Programs and Development.  IDENTIFY specifically the offer, the acceptance, the classification of the "offer" as an "accommodation," the classification of the "offer" as a "transfer," and the classification of the new position as "Director of Programs and Development."

RESPONSE:

**INTERROGATORY NO. 9:** IDENTIFY the basis of YOUR claim that DEFENDANT formed a Compensation Committee to discuss and develop with PLAINTIFF a job description and compensation plan for the position of Director of Programs and Development.

RESPONSE:

**INTERROGATORY NO. 10:** IDENTIFY the basis of YOUR claim that DEFENDANT continually reassured PLAINTIFF of continued employment.

RESPONSE:

**INTERROGATORY NO. 11:** IDENTIFY the basis of YOUR claim that DEFENDANT regarded PLAINTIFF as being disabled.

RESPONSE:

**INTERROGATORY NO. 12:** IDENTIFY the basis of YOUR claim that PLAINTIFF has a record of having a disability.

RESPONSE:

**INTERROGATORY NO. 13:** IDENTIFY any DOCUMENT including, but not limited to, all DOCUMENTS of medical providers, including, but not limited to, documents constituting testing and laboratory results, that supports the claim that PLAINTIFF is or ever has been disabled. With respect to each document, state the manner in which it supports the claim.

RESPONSE:

**INTERROGATORY NO. 14:** With respect to the SUBJECT MATTER OF THIS LITIGATION, IDENTIFY the basis of YOUR claim that DEFENDANT acted in bad faith.

RESPONSE:

**INTERROGATORY NO. 15:** IDENTIFY the basis of YOUR claim that PLAINTIFF has incurred lost wages and benefits as the direct and proximate result of DEFENDANT'S alleged discriminatory conduct. In responding to this interrogatory, list all employment (including self-employment, contract work, and / or other income generating activities) that PLAINTIFF has had since April 1, 2004, the rate of pay for each job, the duration of each job, and the total amount earned while working each job.

RESPONSE:

**INTERROGATORY NO. 16:** IDENTIFY the basis of YOUR claim that DEFENDANT, by its actions, willfully, maliciously, or intentionally, with reckless indifference discriminated against PLAINTIFF.

RESPONSE:

**INTERROGATORY NO. 17:** IDENTIFY the basis of YOUR claim that DEFENDANT, by or through the actions of their agents, servants or employees retaliated against or harassed PLAINTIFF for requesting a reasonable accommodation.

RESPONSE:

**INTERROGATORY NO. 18:** IDENTIFY the basis of YOUR claim that DEFENDANT acted in any manner for the purpose of inflicting mental anguish or distress upon PLAINTIFF.

<u>RESPONSE</u>:

**INTERROGATORY NO. 19:** IDENTIFY the basis of YOUR claim that DEFENDANT engaged in extreme or outrageous conduct, either intentionally or recklessly in that DEFENDANT knew of their obligations to comply with the Americans with Disabilities Act but willfully and intentionally failed to comply with those requirements, all with the intention of causing PLAINTIFF extreme emotional distress.

RESPONSE:

**INTERROGATORY NO. 20:** IDENTIFY the basis of YOUR claim that PLAINTIFF has ever suffered severe psychological disability that has resulted from DEFENDANT'S extreme and outrageous conduct.

RESPONSE:

**INTERROGATORY NO. 21:** IDENTIFY any DOCUMENT including, but not limited to, all earnings statements from 1997 through the date of trial and all federal and state tax returns from 1997 through the date of trial, that demonstrate damages that PLAINTIFF will claim arising from the SUBJECT MATTER OF THIS LITIGATION.

RESPONSE:

_Ti M. Holly_

CONNOLLY BOVE LODGE & HUTZ LLP
Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblhlaw.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblhlaw.com
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 252-4217
*Attorneys for Providence Creek Services, LLC*

Date:  July 7, 2006

09692-10*399258_1

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2006, a copy of the **Defendant's First Set of Interrogatories**

was served upon the following counsel:

### By Facsimile (302-778-5026) and First Class Mail

Michael. J. Goodrick, Esquire (Del. Bar No. 170)
Michael J. Goodrick, P.A.
18-B Trolley Square
Wilmington, DE 19806
Attorney for Plaintiff


Timothy Holly (Del. Bar No. 4106)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| JAMES G. GILLILAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-51-JJF |
| | ) | |
| PROVIDENCE CREEK SERVICES, LLC, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATION UNDER LOCAL RULE 7.1.1

As set forth in the accompanying DEFENDANT PROVIDENCE CREEK'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES, counsel for Providence Creek Services, LLC has made a reasonable effort to reach agreement with the now *pro se* Plaintiff regarding the matters set forth in the Motion.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP
Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblhlaw.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblhlaw.com
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 252-4217
*Attorneys for Providence Creek Services, LLC*

Date: September 12, 2006

09692-10*486128_1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| JAMES G. GILLILAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-51-JJF |
| | ) | |
| PROVIDENCE CREEK SERVICES, LLC, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

**AND NOW**, on this _____ day of _____, 2006, Defendant Providence Creek Services, LLC's Motion to Compel Discovery having been read and considered, as well as any response thereto,

**IT IS HEREBY ORDERED**, that the Motion to Compel Discovery is **GRANTED** and this Court hereby **ORDERS** that Plaintiff provide his answers to Defendant's First Request for Production of Documents and First Set of Interrogatories by _____, 2006.

_____
U.S. District Judge Joseph J. Farnan, Jr.

09692-10*486128_1