## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| JAMES G. GILLILAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-51-JJF |
| | ) | |
| PROVIDENCE CREEK SERVICES, LLC, a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT PROVIDENCE CREEK'S
## MOTION FOR SANCTIONS

Providence Creek Services, LLC ("Services"), by its undersigned counsel, hereby moves this Court for an Order sanctioning James G. Gilliland ("Plaintiff") for violating, *inter alia*, this Court's October 2, 2006, Memorandum Order requiring Plaintiff to respond to Services's First Request for Production of Documents and First Set of Interrogatories. In support of this Motion, Services states as follows:

1.      The Scheduling Order dated April 12, 2006, which Plaintiff and Services jointly proposed, states that "[e]xchange and completion of interrogatories, identification of all fact witnesses and document production shall be commenced so as to be completed by September 15, 2006." D. I. 7

2.      The Scheduling Order further states that "[d]epositions shall not commence until the discovery . . . are completed." *Id.* at ¶ 4(d)

3.      The Scheduling Order also states that "[r]eports from retained experts . . . are due from the plaintiff by October 16, 2006."[1] *Id.* at ¶ 4(e)

4.      The Scheduling Order also states that "[a]ny case dispositive motions . . . shall be served and filed with an opening brief on or before November 30, 2006." *Id.* at ¶ 7

---

[1] Reports from experts retained by Services are due by November 16, 2006. *Id.*

5.      Services incurred significant costs and fees in the timely drafting, filing, and serving of its First Request for Production of Documents and First Set of Interrogatories (the "Discovery Requests"), which were filed and served on July 7, 2006.

6.      Despite Services's reasonable effort to reach agreement with the now *pro se* Plaintiff, Plaintiff provided no response to the Discovery Requests.

7.      On September 12, 2006, Services incurred yet more costs and fees in drafting, filing, and serving its Motion to Compel Plaintiff's Responses to Defendant's First Request for Production of Documents and First Set of Interrogatories (the "Motion to Compel").[2] D. I. 23

8.      The only relief Services requested in its Motion to Compel was a response to its discovery.  Services did not even request its reasonable expenses in pursuing an order compelling responses.

9.      On October 2, 2006, this Court ordered Plaintiff to "respond to the requested discovery no later than October 25, 2006" (the "Memorandum Order").  D. I. 24.

10.     Plaintiff has still failed to respond to Services's Discovery Requests.

11.     Although the date set forth in the Scheduling Order has passed, Plaintiff has also failed to produce any expert report.

12.     On October 31, 2006 (six days after this Court ordered Plaintiff to respond to the Discovery Requests), Services incurred still more costs and fees for Services's counsel to leave a telephone message for Plaintiff (at 302-653-1735) informing him that Services required a reply call on October 31 or it would pursue sanctions with this Court.

13.     As of November 2, 2006, Plaintiff has still failed to comply with this Court's Memorandum Order and has failed to respond to Services's telephone call.[3]

---

[2] Copies of the Discovery Requests were filed with the Court as part of Services's Motion to Compel.

14.    Plaintiff has provided no reason for his delay; and no delay is proper.

15.    The agreed-upon dates for Services's expert report (i.e., November 16, 2006) and dispositive motion (i.e., November 30, 2006) are quickly approaching. Services has still not deposed Plaintiff and / or his expert(s), as Plaintiff has provided no required discovery responses, to which Services is entitled prior to deposing Plaintiff and his expert(s). Rather than proceeding with discovery, Plaintiff has chosen to do nothing. Services has thus been forced to incur yet more attorney's fees to move this matter along through the instant Motion for Sanctions.

16.    The relief provided in Federal Rule of Evidence 37(b)(2) for a party's failure to comply with a scheduling order (even regardless of the additional failure to comply with a subsequent order to produce) includes "dismissing the action." Federal courts around the country have applied the provisions of this rule to grant default judgment against parties engaging in abuse of the discovery process. *See e.g., Roman v. City of Reading,* 121 Fed. Appx. 955 (3d Cir. 2005); *Comiskey v. JFTJ Corp.,* 989 F.2d 1007, 1009-1010 (8th Cir. 1993); *Computer Task Group, Inc. v. Brotby,* 364 F.3d 1112, 1115 (9th Cir. 2004).

17.    Rule 37(b)(2) further provides that in addition to such relief, the court may "require the party failing to obey the order . . . to pay the reasonable expenses, including attorney's fees, caused by the failure."

18.    Dismissal and payment of reasonable expenses is proper in this case given Plaintiff's history of dilatoriness and absence of reasonable excuse.

19.    As an alternative to the requested relief, pursuant to FRE 26(b), this Court should: (a) find Plaintiff in Contempt of Court; (b) Order Plaintiff to pay Services reasonable expenses; and (c) take the following facts to be established for the purposes of this action: (i) Plaintiff does not have (and has no history of) a medical condition that substantially limits one or more of the major life activities; (ii)

---

[3] Services remains prepared to withdraw this Motion for Sanctions if Plaintiff executes a Stipulation of Dismissal with prejudice.

Plaintiff never requested an accommodation; (iii) Plaintiff did not serve without compensation as Executive Director of Saint Joseph's at Providence Creek under its predecessor titles from 1997 until January 2003; (iv) Plaintiff was never reassured of continued employment; (v) Plaintiff has no evidence that Services regarded Plaintiff as being disabled; (vi) Plaintiff has no evidence that Services acted in bad faith; (vii) Plaintiff has no evidence he engaged in protected activity for purposes of retaliation; and (viii) Plaintiff has no evidence that Services retaliated against Plaintiff.[4]

WHEREFORE, Services respectfully requests that this Court enter an order: (1) dismissing Plaintiff's claims against Providence Creek and (2) ordering Plaintiff to pay reasonable expenses, including attorney's fees, incurred by Services in drafting the previously filed Motion to Compel and this Motion for Sanctions.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP
Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblhlaw.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblhlaw.com
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Date: November 2, 2006              Wilmington, DE 19899-2207
                                    (302) 252-4217
09692-10*486128_1                   *Attorneys for Providence Creek Services, LLC*

---

[4] In the event this Court grants this non-dispositive relief only, Services's has attached hereto the statement required under Local Rule 7.1.1.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 2, 2006, a copy of DEFENDANT

PROVIDENCE CREEK'S MOTION FOR SANCTIONS was served by Federal Express to:

        James G. Gilliland
        2468 Harvey Straughn Rd.
        Clayton, Delaware 19938

        Respectfully submitted,


        _____

        CONNOLLY BOVE LODGE & HUTZ LLP
        Matthew F. Boyer (Del. Bar No. 2564)
        Email: Mboyer@cblhlaw.com
        Timothy M. Holly (Del. Bar No. 4106)
        Email: Tholly@cblhlaw.com
        The Nemours Building
        1007 N. Orange Street
Date:  November 2, 2006        P. O. Box 2207
        Wilmington, DE 19899-2207
09692-10*486128_1        (302) 252-4217
        *Attorneys for Providence Creek  Services, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| JAMES G. GILLILAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-51-JJF |
| | ) | |
| PROVIDENCE CREEK SERVICES, LLC, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, on this _____ day of _____, 2006, Defendant Providence Creek Services, LLC's Motion For Sanctions having been read and considered, as well as any response thereto,

**IT IS HEREBY ORDERED**, that the Motion For Sanctions is **GRANTED** and this Court hereby dismisses Plaintiff's Complaint with prejudice and orders Plaintiff to pay reasonable expenses, including attorney's fees, incurred by Services in drafting its Motion to Compel (D. I. 23) and Motion for Sanctions.

_____
U.S. District Judge Joseph J. Farnan, Jr.

09692-10*486128_1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES G. GILLILAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-51-JJF |
| | ) | |
| PROVIDENCE CREEK SERVICES, LLC, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATION UNDER LOCAL RULE 7.1.1

As set forth in the accompanying DEFENDANT PROVIDENCE CREEK'S MOTION

FOR SANCTIONS, counsel for Providence Creek Services, LLC has made a reasonable effort to

reach agreement with the now *pro se* Plaintiff regarding the matters set forth in the Motion.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP
Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblhlaw.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblhlaw.com
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 252-4217
*Attorneys for Providence Creek Services, LLC*

Date:  November 2, 2006

09692-10*486128_1